CASREF,CLOSED

# United States District Court
## District of Massachusetts (Worcester)
## CRIMINAL DOCKET FOR CASE #: 4:12–cr–40034–FDS All Defendants

Case title: USA v. Sanborn                              Date Filed: 05/15/2012
Other court case number: 08cr128–01 USDC, New Hampshire    Date Terminated: 05/15/2012

Assigned to: Judge F. Dennis Saylor, IV
Referred to: Magistrate Judge David H. Hennessy

**Defendant (1)**

**Kurt Sanborn**
*TERMINATED: 05/15/2012*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1343 WIRE FRAUD (1) | The defendant is hereby sentenced to a term of 30 months imprisonment, upon release from imprisonment the defendant shall be placed on supervised release for a term of 3 years. The defendant will pay a $100.00 Special Assessment, the defendant will pay Restitution in the amount of $303,410.79, Fine waived. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/15/2012 | 1 | 3 | |

| | | | |
|---|---|---|---|
| | | | Probation/Supervised Release transfer order received from New Hampshire as to Kurt Sanborn. (Jones, Sherry) (Entered: 05/15/2012) |
| 05/17/2012 | 2 | 4 | Judge F. Dennis Saylor, IV: ORDER entered. as to Kurt Sanborn re 1 Probation/Supervised Release Transfer Order received. (Jones, Sherry) (Entered: 05/17/2012) |
| 05/31/2012 | 3 | 5 | TRANSFER OF JURISDICTION as to Kurt Sanborn. Received certified copies of indictment, judgment and docket sheet from New Hampshire. (Attachments: # 1 docket sheet from USDC, New Hampshire, # 2 Information, # 3 judgment)(Jones, Sherry) (Entered: 05/31/2012) |
| 04/25/2013 | 6 | 23 | ELECTRONIC NOTICE of Case Assignment as to Kurt Sanborn; Judge F. Dennis Saylor, IV assigned to case. (Abaid, Kimberly) (Entered: 04/25/2013) |
| 06/21/2013 | 8 | | SENTENCING MEMORANDUM by USA as to Kurt Sanborn (Bloom, Sara) DISREGARD THIS ENTRY – FILED IN WRONG CASE (Cicolini, Pietro). (Entered: 06/21/2013) |
| 11/14/2013 | 10 | 24 | Judge F. Dennis Saylor, IV: ORDER entered as to Kurt Sanborn re 9 Pretrial/Probation Request. MODIFICATION OF CONDITIONS ORDERED. (Cicolini, Pietro) (Entered: 11/14/2013) |
| 01/23/2014 | 12 | 26 | Judge F. Dennis Saylor, IV: ORDER entered as to Kurt Sanborn re 11 Pretrial Services/Probation Memo. Payment schedule APPROVED. (Cicolini, Pietro) (Entered: 01/23/2014) |
| 03/03/2014 | 14 | 27 | Judge F. Dennis Saylor, IV: ORDER entered as to Kurt Sanborn re 13 Pretrial/Probation Request. Modification of Conditions Ordered. (Cicolini, Pietro) (Entered: 03/03/2014) |
| 06/11/2014 | 15 | | Petition for Warrant from Probation as to Kurt Sanborn. (Affsa, Gina) (Entered: 06/11/2014) |
| 06/11/2014 | 16 | | Judge F. Dennis Saylor, IV: ORDER entered as to Kurt Sanborn re 15 Pretrial/Probation Petition for Warrant or Summons. ISSUANCE OF WARRANT ORDERED. (Cicolini, Pietro) (Entered: 06/11/2014) |
| 06/11/2014 | 17 | 29 | Arrest Warrant Issued by Judge F. Dennis Saylor, IV as to Kurt Sanborn. (Cicolini, Pietro) (Entered: 06/11/2014) |
| 06/11/2014 | 18 | | Judge F. Dennis Saylor, IV: ELECTRONIC ORDER entered as to Kurt Sanborn. Order Referring Case to Magistrate Judge David H. Hennessy for initial appearance on arrest, appointment of counsel, and initial revocation hearing. (Cicolini, Pietro) (Entered: 06/11/2014) |
| 06/26/2014 | 19 | | Memorandum requesting Transfer of Jurisdiction back to the District of New Hampshire and Dismissial of Violation from US Probation and Pretrial Services as to Kurt Sanborn. (Attachments: # 1 Proposed Transfer of Jurisdiction Order) (Affsa, Gina) (Entered: 06/26/2014) |
| 07/22/2014 | 21 | 30 | Probation Jurisdiction Transferred to District of New Hampshire as to Kurt Sanborn. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Cicolini, Pietro) (Entered: 07/22/2014) |

| PROB 22<br>(Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>08-CR-128-01-PB |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)*<br>12CR40034 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Kurt Sanborn<br>96 Frederick Street<br>Dracut, MA 01826 | DISTRICT<br><br>DISTRICT OF NEW HAMPSHIRE | DIVISION |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>Honorable Paul J. Barbadoro | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>4/26/2012 | TO<br>4/25/2015 |

OFFENSE

Wire Fraud, in violation of 18 U.S.C. § 1334

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF NEW HAMPSHIRE</u>

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 5-10-2012 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MASSACHUSETTS</u>

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| | |
|---|---|
| *Effective Date* | *United States District Judge* |

| PROB 22<br>(Rev. 2/88)<br><br>**TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)*<br>08-CR-128-01-PB |
| --- | --- | --- |
| | | DOCKET NUMBER *(Rec. Court)*<br>12CR40034 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>Kurt Sanborn<br>96 Frederick Street<br>Dracut, MA 01826 | DISTRICT<br><br>DISTRICT OF NEW HAMPSHIRE | DIVISION |
| --- | --- | --- |
| | NAME OF SENTENCING JUDGE<br><br>Honorable Paul J. Barbadoro | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>4/26/2012 | TO<br>4/25/2015 |

| OFFENSE<br><br>Wire Fraud, in violation of 18 U.S.C. § 1334 |
| --- |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF NEW HAMPSHIRE</u>

     IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

5-10-2012
*Date*

*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MASSACHUSETTS</u>

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

May 16, 2012
*Effective Date*

*United States District Judge*

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE   03301-3941

2012 MAY 29  P 2: 07

**OFFICE OF THE CLERK**
James R. Starr, Clerk of Court
Daniel J. Lynch, Chief Deputy Clerk

U.S. DISTRICT COURT
DISTRICT OF MASS.

Telephone: 603-225-1423
Web: www.nhd.uscourts.gov

May 23, 2012

Clerk, U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02110

Re:   Criminal No. 08-cr-128-01-PB, USA v. Kurt D. Sanborn
      Your Case No.: 12-cr-40034

The above case has been transferred to your jurisdiction pursuant to a Transfer of Jurisdiction of Probation

We enclose the following items:

      Certified copies of file documents.
      Certified copy of transfer order.
      Certified copy of the docket sheet.

There is an outstanding restitution obligation.   A copy of the ledger is enclosed.

Please acknowledge receipt on the copy of this letter provided and return in the reply envelope enclosed.

JAMES R. STARR, Clerk

By: /s/ Vincent L. Negron, Deputy Clerk

May 23, 2012

Enclosures

cc:   Alan Baum, Esq.
      Donald A. Kennedy, Esq.
      Robert M. Kinsella, Esq.
      Financial Administrator

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 08-CR-128-01-PB | |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | U.S. DISTRICT COURT DISTRICT NUMBER *(Rec. Court)* 1:12-CR-40034 | | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Kurt Sanborn 96 Frederick Street Dracut, MA 01826 | DISTRICT DISTRICT OF NEW HAMPSHIRE | DIVISION 2012 MAY 22  A  7: 54 | |
| | NAME OF SENTENCING JUDGE Honorable Paul J. Barbadoro | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 4/26/2012 | TO 4/25/2015 |

OFFENSE

Wire Fraud, in violation of 18 U.S.C. § 1334

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF NEW HAMPSHIRE</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

5 - 10 - 2012

*Date*
           *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MASSACHUSETTS</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

May 16, 2012

*Effective Date*
           *United States District Judge*



CLOSED

# U.S. District Court
# District of New Hampshire (Concord)
# CRIMINAL DOCKET FOR CASE #: 1:08-cr-00128-PB-1

Case title: USA v. Sanborn

Date Filed: 09/30/2008
Date Terminated: 11/23/2009

---

Assigned to: Judge Paul J. Barbadoro

### Defendant (1)

**Kurt D. Sanborn**
*TERMINATED: 11/23/2009*

represented by **Alan Baum**
Law Offices of United Defense Group
4181 Sunswept Dr, Ste 100
Studio City, CA 91604
818 487-7400
Email: abaum@criminaldefense.com
*TERMINATED: 01/15/2010*
*LEAD ATTORNEY*
*PRO HAC VICE*
*Designation: Retained*

**Donald A. Kennedy**
Kennedy Law Office
78 W Merrimack St
Manchester, NH 03101
603 668-8787
Email: kennedylaw@comcast.net
*LEAD ATTORNEY*
*Designation: Retained*

### Pending Counts

18:1343 Wire Fraud
(1)

### Disposition

Sentenced to 30 months imprisonment and 3
years supervised release with special
conditions. $100 special assessment;
$303,410.79 restitution imposed. Fine
waived. Defendant to self-surrender for
service of sentence before 2:00 pm on
January 8, 2010.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Highest Offense Level (Terminated)

### Disposition

7

None

**Complaints**                                                  **Disposition**

None

---

**Plaintiff**

USA                                     represented by   **Robert M. Kinsella**
                                                         US Attorney's Office (NH)
                                                         53 Pleasant St, 4th Flr
                                                         Concord, NH 03301-0001
                                                         603 225-1552
                                                         Email: robert.kinsella@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2008 | 🔵 1 | INFORMATION as to Kurt D. Sanborn (1) count(s) 1. *Original document available in clerks office.*(jar) (Entered: 10/01/2008) |
| 09/30/2008 | 🔵 3 | Praecipe for Summons by USA as to Kurt D. Sanborn. (jar) (Entered: 10/01/2008) |
| 10/03/2008 | 🔵 4 | NOTICE OF ATTORNEY APPEARANCE: Donald A. Kennedy appearing for Kurt D. Sanborn. (Kennedy, Donald) (Entered: 10/03/2008) |
| 10/06/2008 | 🔵 | Summons Issued as to Kurt D. Sanborn. Initial Appearance set for 11/12/2008 02:30 PM before Judge Paul J. Barbadoro. Waiver & Plea Hearing set for 11/12/2008 02:30 PM before Judge Paul J. Barbadoro. (jar) (Entered: 10/06/2008) |
| 10/09/2008 | 🔵 5 | Summons Returned Executed on 10/9/2008 as to Kurt D. Sanborn. (jar) (Entered: 10/09/2008) |
| 10/09/2008 | 🔵 | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 12/2/2008 09:30 AM before Judge Paul J. Barbadoro. Final Pretrial Conference set for 11/19/2008 04:45 PM before Judge Paul J. Barbadoro. (jar) (Entered: 10/09/2008) |
| 11/10/2008 | 🔵 7 | Assented to MOTION for Alan Baum to Appear Pro Hac Vice (Filing fee $ 100. Receipt # 146492000522.) by Kurt D. Sanborn. (Attachments: # 1 Exhibit (Affidavit))(vln) (Entered: 11/12/2008) |
| 11/12/2008 | 🔵 6 | Disclosure Statement by USA as to Kurt D. Sanborn disclosing no parent companies, and no merger agreement. (Kinsella, Robert) (Entered: 11/12/2008) |
| 11/12/2008 | 🔵 | **ENDORSED ORDER granting 7 Motion to Appear Pro Hac Vice (Attorney Alan Baum for Kurt D. Sanborn added) as to Kurt D. Sanborn (1). *Text of Order: Granted on the condition that ALAN BAUM completes an online ECF Registration Form within 10 days.* So Ordered by Magistrate Judge James R. Muirhead. Notice of Compliance Deadline set for 12/1/2008. To access the online registration form, click HERE. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE.(vln) (Entered: 11/12/2008)** |
| 11/12/2008 | 🔵 8 | PLEA AGREEMENT as to Kurt D. Sanborn. (vln) (Entered: 11/12/2008) |

| 11/12/2008 | 🌐 | Minute Entry for proceedings held before Judge Paul J. Barbadoro: INITIAL APPEARANCE as to Kurt D. Sanborn held on 11/12/2008. Defendant sworn and advised of rights & charges. Defendant released on conditions. (Court Reporter: Diane Churas) (Govt Atty: Robert Kinsella) (Defts Atty: Donald Kennedy / Alan Baum) (USP: Sean Buckley)(Total Hearing Time: 2 minutes) (vln) (Entered: 11/12/2008) |
| 11/12/2008 | 🌐 | Minute Entry for proceedings held before Judge Paul J. Barbadoro: WAIVER OF INDICTMENT/PLEA TO INFORMATION HEARING held on 11/12/2008 as to Kurt D. Sanborn (1) Guilty Count 1. Court defers acceptance of plea until sentencing. (Court Reporter: Diane Churas) (Govt Atty: Robert Kinsella) (Defts Atty: Donald Kennedy / Alan Baum) (USP: Sean Buckley)(Total Hearing Time: 15 minutes) (vln) (Entered: 11/12/2008) |
| 11/12/2008 | 🌐 9 | WAIVER OF INDICTMENT by Kurt D. Sanborn. (vln) (Entered: 11/12/2008) |
| 11/12/2008 | 🌐 | NOTICE OF HEARING as to Kurt D. Sanborn: Sentencing set for 2/13/2009 09:30 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 11/12/2008) |
| 11/12/2008 | 🌐 10 | **ORDER Setting Conditions of Release as to Kurt D. Sanborn. So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 11/12/2008)** |
| 01/26/2009 | 🌐 | RESCHEDULING NOTICE OF HEARING as to Kurt D. Sanborn: Sentencing set for 4/17/2009 11:30 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 01/26/2009) |
| 03/18/2009 | 🌐 11 | Assented to MOTION to Continue Sentencing Hearing by Kurt D. Sanborn. (Attachments: # 1 Proposed Order)(Baum, Alan) (Entered: 03/18/2009) |
| 03/24/2009 | 🌐 | **ENDORSED ORDER granting 11 Assented to MOTION to Continue Sentencing Hearing as to Kurt D. Sanborn (1). *Text of Order: Granted* So Ordered by Judge Paul J. Barbadoro. (mm) (Entered: 03/25/2009)** |
| 03/27/2009 | 🌐 | NOTICE OF HEARING as to Kurt D. Sanborn: Sentencing set for 6/12/2009 11:00 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 03/27/2009) |
| 06/01/2009 | 🌐 12 | Assented to MOTION to Continue Sentencing Hearing by Kurt D. Sanborn. (Attachments: # 1 Proposed Order) (Baum, Alan) (Entered: 06/01/2009) |
| 06/02/2009 | 🌐 | **ENDORSED ORDER granting 12 Assented to MOTION to Continue Sentencing Hearing as to Kurt D. Sanborn (1). *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. Sentencing set for 8/31/2009 02:30 PM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 06/02/2009)** |
| 07/29/2009 | 🌐 13 | Assented to MOTION to Continue Sentencing Hearing by Kurt D. Sanborn. (Attachments: # 1 Proposed Order) (Baum, Alan) (Entered: 07/29/2009) |
| 07/30/2009 | 🌐 | **ENDORSED ORDER granting 13 Assented to MOTION to Continue Sentencing Hearing as to Kurt D. Sanborn (1). *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. Sentencing set for 11/19/2009 02:00 PM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered:** |

Case 4:12-cr-40064-FDS   Document 22-1   Filed 07/22/14   Page 10 of 30

| | | |
|---|---|---|
| | | 07/31/2009) |
| 11/02/2009 | ❸ | RESCHEDULING NOTICE OF HEARING as to Kurt D. Sanborn: Sentencing set for 11/19/2009 11:00 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 11/02/2009) |
| 11/16/2009 | ❸ | RESCHEDULING NOTICE OF HEARING as to Kurt D. Sanborn: Sentencing set for 11/19/2009 11:30 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* (vln) (Entered: 11/16/2009) |
| 11/19/2009 | ❸ | Minute Entry for proceedings held before Judge Paul J. Barbadoro: SENTENCING held on 11/19/2009 for Kurt D. Sanborn (1) Sentenced on Count 1. No objections to Presentence Report. BOP range 27-33 months. USA recommended 27. Court imposed 30 month sentence. Defendant advised of appeal rights and released on bail pending self-surrender. (Court Reporter: Sandra Bailey) (Govt Atty: Robert Kinsella) (Defts Atty: Alan Baum / Donald Kennedy) (USP: Kevin Lavigne)(Total Hearing Time: 30 mintues) (vln) (Entered: 11/20/2009) |
| 11/23/2009 | ❸ 16 | EXCERPTED TRANSCRIPT of Proceedings as to Kurt D. Sanborn for Sentencing held on November 19, 2009. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 12/17/2009. Redacted Transcript Follow Up 12/28/2009. Release of Transcript Restriction set for 2/22/2010. (vln) (Entered: 11/23/2009) |
| 11/23/2009 | ❸ 17 | **JUDGMENT as to Kurt D. Sanborn (1), Count(s) 1, Sentenced to 30 months imprisonment and 3 years supervised release with special conditions. $100 special assessment; $303,410.79 restitution imposed. Fine waived. Defendant to self-surrender for service of sentence before 2:00 pm on January 8, 2010. So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 11/23/2009)** |
| 11/25/2009 | ❸ 18 | MOTION TO RECONSIDER at Level I by Kurt D. Sanborn. Served on 11/23/2009. Follow up on Objection on 12/14/2009. (Attachments: # 1 Letter from June Sanborn) (vln) Modified on 12/15/2009 to unseal per order dated 12/4/2009 (vln). (Entered: 12/01/2009) |
| 12/02/2009 | ❸ | ENDORSED ORDER taking under advisement 18 Motion to Reconsider as to Kurt D. Sanborn (1). *The clerk shall set a hearing on the motion. A copy of the motion shall be provided to the government. Defense counsel shall attend the hearing. The defendant has waived the attorney-client privilege to the extent necessary to permit counsel to respond to his client's allegations.* So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 12/02/2009) |
| 12/02/2009 | ❸ | NOTICE OF HEARING ON MOTION as to Kurt D. Sanborn re: 18 MOTION TO RECONSIDER at Level I. Motion Hearing set for 12/16/2009 09:30 AM before Judge Paul J. Barbadoro. (vln) (Entered: 12/02/2009) |

| 12/04/2009 | ❹ | **ENDORSED ORDER as to Kurt D. Sanborn re: 18 MOTION TO RECONSIDER at Level I. *Text of Order: The defendant shall show cause on or before December 10, 2009 as to why the motion should remain sealed.* So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 12/04/2009)** |
|---|---|---|
| 12/08/2009 | ❹ 19 | MOTION to Withdraw Document 18 MOTION TO RECONSIDER at Level I by Kurt D. Sanborn. Served on 12/7/2009. Follow up on Objection on 12/28/2009. (vln) (Entered: 12/08/2009) |
| 12/09/2009 | ❹ 20 | TRANSCRIPT of Proceedings as to Kurt D. Sanborn for Sentencing held on November 19, 2009. Court Reporter: Sandra Bailey, Telephone # 225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. <br><br> **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** <br><br> Redaction Request Follow Up 1/4/2010. Redacted Transcript Follow Up 1/12/2010. Release of Transcript Restriction set for 3/9/2010. (vln) (Entered: 12/09/2009) |
| 12/11/2009 | ❹ | **ENDORSED ORDER as to Kurt D. Sanborn 19 SEALED MOTION WITHDRAW at Level I. *Text of Order: The hearing shall be held as scheduled* So Ordered by Judge Paul J. Barbadoro. (mm) (Entered: 12/11/2009)** |
| 12/14/2009 | ❹ 21 | MOTION for Attorney Baum to participate in hearing by video conference by USA as to Kurt D. Sanborn. Follow up on Objection on 12/31/2009. (Kinsella, Robert) (Entered: 12/14/2009) |
| 12/14/2009 | ❹ | **ENDORSED ORDER granting 21 MOTION for Attorney Baum to participate in hearing by video conference as to Kurt D. Sanborn (1). *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 12/14/2009)** |
| 12/15/2009 | ❹ | RESCHEDULING NOTICE OF HEARING as to Kurt D. Sanborn: Motion Hearing reset for 12/16/2009 11:30 AM before Judge Paul J. Barbadoro. (vln) (Entered: 12/15/2009) |
| 12/15/2009 | ❹ 22 | MOTION to Excuse in state counsel *Donald A. Kennedy* by Kurt D. Sanborn. Follow up on Objection on 1/4/2010. (Kennedy, Donald) (Entered: 12/15/2009) |
| 12/15/2009 | ❹ | **ENDORSED ORDER granting 22 MOTION to Excuse in state counsel *Donald A. Kennedy* as to Kurt D. Sanborn (1). *Text of Order: Granted.* So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 12/15/2009)** |
| 12/16/2009 | ❹ 23 | Exhibit List for Motion Hearing by USA as to Kurt D. Sanborn (Kinsella, Robert) (Entered: 12/16/2009) |
| 12/16/2009 | ❹ | Minute Entry for proceedings held before Judge Paul J. Barbadoro: MOTION HEARING as to Kurt D. Sanborn held on 12/17/2009 re 18 MOTION TO RECONSIDER. Motion denied. All government exhibits to remain part of the record. (Court Reporter: Sandra Bailey) (Govt Atty: Robert Kinsella) (Defts Atty: Alan Baum)(Total Hearing Time: 1:25) (vln) Modified on 12/17/2009 to correct date and add text re: exhibits (vln). (Entered: 12/17/2009) |
| 12/16/2009 | ❹ | **ORDER denying 18 MOTION TO RECONSIDER by Kurt D. Sanborn (1); denying 19 MOTION to Withdraw Document 18 MOTION TO RECONSIDER as to Kurt D.** |

| | | Sanborn (1). So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 12/17/2009) |
|---|---|---|
| 01/13/2010 | 📄 24 | MOTION COURT APPOINTED COUNSEL at Level I by Kurt D. Sanborn. (vln) Modified on 1/15/2010 to unseal (vln). (Entered: 01/14/2010) |
| 01/15/2010 | 📄 | **ENDORSED ORDER denying 24 MOTION COURT APPOINTED COUNSEL as to Kurt D. Sanborn (1).** *Text of Order: Denied. No notice of appeal has been filed and the defendant has not explained why the assistance of counsel is required. Motion denied.* **So Ordered by Judge Paul J. Barbadoro. (vln) (Entered: 01/15/2010)** |
| 01/15/2010 | 📄 25 | NOTICE of Attorney Withdrawal by Alan Baum as to Kurt D. Sanborn. (Baum, Alan) (Entered: 01/15/2010) |
| 01/19/2010 | 📄 26 | MOTION for Donald A. Kennedy to Withdraw as Attorney by Kurt D. Sanborn. Follow up on Objection on 2/5/2010. (Kennedy, Donald) (Entered: 01/19/2010) |
| 02/09/2010 | 📄 | **ENDORSED ORDER granting 26 Motion to Withdraw as Attorney as to Kurt D. Sanborn (1).** *Text of Order: Granted* **So Ordered by Judge Paul J. Barbadoro. (mm) (Entered: 02/10/2010)** |
| 06/07/2010 | 📄 27 | Copy of MOTION under 28 U.S.C. 2255 or 28 U.S.C. 2241 filed. ( Civil Action 10-cv-222-PB). All further docketing will be in the civil case. Copy of the petition has been sent to the AUSA for information only by Kurt D. Sanborn. (amm) (Entered: 06/08/2010) |
| 06/17/2010 | 📄 28 | TRANSCRIPT of Proceedings as to Kurt D. Sanborn for Motion Hearing held on December 16, 2009. Court Reporter: Sandra Bailey, Telephone # 603-225-1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 7/12/2010. Redacted Transcript Follow Up 7/22/2010. Release of Transcript Restriction set for 9/16/2010. (vln) (Entered: 06/17/2010) |
| 06/24/2010 | 📄 29 | TRANSCRIPT of Proceedings as to Kurt D. Sanborn for Waiver and Plea held on November 12, 2008. Court Reporter: Diane Churas, Telephone # 603-225-1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90-day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 7/19/2010. Redacted Transcript Follow Up 7/29/2010. Release of Transcript Restriction set for 9/23/2010. (vln) (Entered: 06/24/2010) |

| 05/22/2012 | �e 30 | Probation Jurisdiction Transferred to District of Massachusetts as to Kurt D. Sanborn. Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (vln) (Entered: 05/23/2012) |
| 05/23/2012 | �e 31 | Letter to Clerk of Court - District of Mass from Deputy Clerk re: Probation Transfer (vln) (Entered: 05/23/2012) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**UNITED STATES OF AMERICA**

       **v.**                       **Cr. No.**

**KURT D. SANBORN**

## INFORMATION

### The United States Attorney charges:

1. From in and around January 2003, to in and around February 2004, in the District of New Hampshire and elsewhere, the defendant,

### KURT D. SANBORN,

knowingly devised and intended to devise a scheme and artifice to obtain money by means of false and fraudulent pretenses, representations and promises; and in furtherance thereof, transmitted and caused to be transmitted in interstate commerce, by means of wire communication certain signs, signals and sounds, in violation of 18 U.S.C. § 1343.

2. In 2002, the owner of Diamond Action, Inc. ("DAI"), was given authority to construct a ball park for a professional minor league baseball team in Manchester, New Hampshire.

3. DAI's owner hired the defendant, **KURT SANBORN**, d/b/a Sanborn Group, Inc. ("SGI"), to, among other things, collect invoices from contractors who participated in the construction of the ball park.

CERTIFIED TO BE A TRUE COPY OF A DOCUMENT
ELECTRONICALLY FILED IN USDC-NH
JAMES R. STARR, CLERK
BY: DEPUTY CLERK

4.   The invoices were paid by checks that were issued from bank accounts to which money devoted to the construction of the ball park was deposited.   The checks were given to **SANBORN**, who deposited them to a bank account he established for SGI at Enterprise Bank ("SGI's account").

5.   While performing those duties, **SANBORN** stole $119,500 when he submitted invoices to DAI's owner from two fictitious contractors, Environmental Solutions and CS Drilling; deposited the checks that were issued to pay those invoices to SGI's account; and used the proceeds from the deposits for his personal benefit.

6.   **SANBORN** stole an additional $164,600 when he submitted counterfeit invoices to DAI's owner from two contractors, Derry Engineering and TF Moran, for services that were not performed; deposited the checks that were issued to pay those invoices to the SGI account; and used the proceeds from the deposits for his personal benefit.

7.  **SANBORN** also stole $9,450 when he submitted a legitimate $53,450 invoice to DAI's owner from a contractor, Kimball Chase; deposited the check that was issued to pay that invoice to SGI's account; issued a check in the amount $44,000 to Kimball Chase; and used the remaining funds for his personal benefit.

8.  In 2004, DAI's owner hired a law firm to determine whether money that belonged to Diamond Action, Inc., had been misused. During the investigation, the law firm asked **SANBORN** to provide

Page 2 of 3

documentation to prove he made the following payments on behalf of Diamond Action, Inc.:

| Payee | Amount of Payment |
|-------|-------------------|
| Environmental Solutions | $24,665.00 |
| Environmental Solutions | $8,655.00 |
| Derry Engineering | $13,600.00 |
| Kimball-Chase | $54,000.07 |
| Harvey Construction | $11,081.90 |

9. **SANBORN** responded to that inquiry on or about February 20, 2004, by causing copies of the following fraudulent checks (i.e., checks that were altered by **SANBORN** to make them appear to be legitimate, but which were not delivered to the payees) to be sent by facsimile from his office in Rhode Island to the law firm's office in New Hampshire:

| Date of Check | Check Number | Payee | Amount of Check |
|---------------|--------------|-------|-----------------|
| 03/20/03 | 1430 | Environmental Solutions | $24,665.00 |
| 05/09/03 | 1496 | Derry Engineering | $13,600.00 |
| 05/09/03 | 1497 | Environmental Solutions | $8,665.00 |
| 08/08/08 | 1877 | Kimball-Chase | $54,000.00 |

All in violation of Title 18, United States Code, Section 1343.

Thomas P. Colantuono
United States Attorney

September 30, 2008          By: /s/ Robert M. Kinsella
                               Robert M. Kinsella
                               Assistant U.S. Attorney

AO 245B (Rev. 09/08) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of New Hampshire

UNITED STATES OF AMERICA

v.

**KURT D. SANBORN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **08-cr-128-01-PB**

**Alan Baum, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): **1 of the Information** .
[ ]  pleaded nolo contendere to count(s) _ which was accepted by the court.
[ ]  was found guilty on count(s) _ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1334 | Wire Fraud | February 2004 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s)  _ and is discharged as to such count(s).

[ ]  Count(s) dismissed on motion of the United States:  _.
  IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

**November 19, 2009**
Date of Imposition of Judgment

Signature of Judicial Officer

**PAUL BARBADORO**
**United States District Judge**
Name & Title of Judicial Officer

11-23-09
Date

ECF DOCUMENT
CERTIFIED TO BE A TRUE COPY OF A DOCUMENT
ELECTRONICALLY FILED IN USDC-NH
JAMES R. STARR, CLERK
BY: ___ DEPUTY CLERK

AO 245B (Rev 09/08) Judgment in a Criminal Case   Sheet 2   Imprisonment

CASE NUMBER    08-cr-128-01-PB                                   Judgment  Page 2  of  6
DEFENDANT      **KURT D. SANBORN**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**

[x]    The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be designated to the FMC Devens facility.**

[ ]    The defendant is remanded to the custody of the United States Marshal

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at _ on _
       [ ] as notified by the United States Marshal.

[x]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
       [x] before **2:00 pm** on **1/8/2010** .
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
Deputy U S  Marshal

AO 245B (Rev 09/08) Judgment in a Criminal Case   Sheet 3   Supervised Release

CASE NUMBER      **08-cr-128-01-PB**                                    Judgment  Page 3  of  6
DEFENDANT       **KURT D. SANBORN**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons

The defendant shall not commit another federal, state, or local crime

The defendant shall not illegally possess a controlled substance

Pursuant to Public law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U S Probation Office

*For offenses committed on or after September 13, 1994*

The defendant shall refrain from any unlawful use of a controlled substance  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision

[x]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse  (Check if applicable )

[x]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below)  The defendant shall also comply with the additional conditions on the attached page

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer,
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month,
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer
4)    the defendant shall support his or her dependants and meet other family responsibilities,
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling  training or other acceptable reasons,
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment,
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician,
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered,
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer,
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer,
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court,

AO 245B (Rev 09/08) Judgment in a Criminal Case - Sheet 3   Supervised Release

CASE NUMBER.  **08-cr-128-01-PB**                                            Judgment  Page 4  of  6
DEFENDANT·   **KURT D. SANBORN**

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the
defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such
notifications and to confirm the defendant's compliance with such notification requirement

## SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions

The defendant shall provide the probation officer with access to any requested financial information

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other
anticipated or unexpected financial gains to the outstanding court-ordered financial obligation

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation
officer unless he is in compliance with the installment payment schedule

The defendant shall refrain from engaging in any occupation involving fiduciary responsibilities during the term of
supervision

**Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2)
extend the term of supervision; and/or (3) modify the conditions of supervision.**

**These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.**

(Signed)

Defendant                                                          Date

U S  Probation Officer/ Designated Witness                         Date

CASE NUMBER:          **08-cr-128-01-PB**                                      Judgment - Page 5  of  6
DEFENDANT:            **KURT D. SANBORN**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | **$100.00** |      | **$303,410.79** |

[  ]  The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
| **Diamond Action, Inc.**<br>**450 Aiken Street**<br>**Lowell, MA 01854** | | **$293,960.79** | |
| **HNTB Sports Assembly &**<br>**Architecture**<br>**715 Kirk Drive**<br>**Kansas City, MO 64105** | | **$9,450.00** | |
| | TOTALS: | **$303,410.79** | |

[  ]  If applicable, restitution amount ordered pursuant to plea agreement.  $_____

[  ]  The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[x]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [x]  The interest requirement is waived for the      [  ] fine     [x] restitution.

    [  ]  The interest requirement for the      [  ] fine and/or     [  ] restitution is modified as follows:

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER:        **08-cr-128-01-PB**                                        Judgment - Page 6  of  6
DEFENDANT:          **KURT D. SANBORN**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [  ]  Lump sum payment of $_ due immediately, balance due

      [  ]  not later than _, or
      [  ]  in accordance with  **C,  D,** or **E** below; or

B    [x]  Payment to begin immediately (may be combined with  **C,  D,**  or [x] **E**  below); or

C    [  ]  Payment in _ installments of $_ over a period of _, to commence _ days after the date of this judgment; or

D    [  ]  Payment in _ installments of $_ over a period of _ , to commence _ days after release from imprisonment to a term of supervision; or

E    [x]  Special instructions regarding the payment of criminal monetary penalties:

    Upon commencement of the term of supervised release, the probation officer will review the defendant's financial circumstances and recommend to the Court a schedule of payments on any remaining balance not paid during the defendant's period of incarceration.

    Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301.  Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court.  Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

[  ]  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[  ]  The defendant shall pay the cost of prosecution.

[  ]  The defendant shall pay the following court cost(s):

[  ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Judge F. Dennis Saylor, IV (pietro_cicolini@mad.uscourts.gov)
--Non Case Participants: ad hoc (sandra_burgos@mad.uscourts.gov)
--No Notice Sent:

Message-Id:4881717@mad.uscourts.gov
Subject:Activity in Case 4:12-cr-40034-FDS USA v. Sanborn Case Assigned/Reassigned
Content-Type: text/html
```

### United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 4/25/2013 at 9:49 AM EDT and filed on 4/25/2013

| | |
|---|---|
| **Case Name:** | USA v. Sanborn |
| **Case Number:** | 4:12–cr–40034–FDS |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
 **ELECTRONIC NOTICE of Case Assignment as to Kurt Sanborn; Judge F. Dennis Saylor, IV assigned to case. (Abaid, Kimberly)**

**4:12–cr–40034–FDS–1 Notice has been electronically mailed to:**

**4:12–cr–40034–FDS–1 Notice will not be electronically mailed to:**

Prob12B
(7/93)

# United States District Court
## for the District of Massachusetts

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Kurt Sanborn                                    **Case Number:** 12CR40034

**Name of Sentencing Judicial Officer:** The Honorable Paul Barbadoro, U.S. District Judge, District of New Hampshire

**Date of Original Sentence:** November 19, 2009

**Transfer of Jurisdiction:** May 16, 2012: to The Honorable F. Dennis Saylor, IV, U.S. District Judge

**Original Offense:** Wire Fraud

**Original Sentence:** 30 months of custody; followed by 3 years of supervised release

**Type of Supervision:** Supervised Release               **Date Supervision Commenced:** April 26, 2012

---

## PETITIONING THE COURT

[ ]     To extend the term of supervision for years, for a total term of years
[X]     To modify the conditions of supervision as follows:

**The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.**

**The defendant is to serve four (4) months in home detention with location monitoring and shall pay the daily rate. The defendant is responsible for returning the monitoring equipment in good condition and may be charged for replacement or repair of the equipment.**

### CAUSE

On November 06, 2013, an Administrative Hearing was held before Supervising USPO Alicia Howarth. Present were Mr. Sanborn and USPO Michael Forman. The purpose of the hearing was to address several violations committed by Mr. Sanborn; specifically, failure to submit monthly restitution payments since June 2013, lying to probation with regard to the submission of restitution payments and lying to probation about his salary.

With respect to the submission of restitution payments, on October 30, 2013, USPO Forman spoke to Mr. Sanborn via the telephone to address outstanding restitution payments for July, August, September and October. Mr. Sanborn stated that he had made the restitution payments for July, August and September and further stated that he could provide documentation of same. On November 5, 2013, USPO Forman met with Mr. Sanborn at his residence. Mr. Sanborn again reported that he had mailed in the restitution payments but was unable to provide documentation that the payments were in fact submitted to the Court. During the Administrative Hearing that was

- 2 -

**Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender**

subsequently held on November 6, 2013, Mr. Sanborn admitted that he lied about sending in the missing restitution payments.

With respect to his salary, the probation office received information from Mr. Sanborn's employer that in October 2013, he received a pay increase from $70,000 a year to $120,000 a year. Additionally, in October 2013, Mr. Sanborn received a $20,000 bonus from his employer. Mr. Sanborn failed to report this information to probation. When USPO Forman questioned Mr. Sanborn about his salary Mr. Sanborn lied and reported that his salary was only increased to $80,000 a year. Mr. Sanborn subsequently admitted to lying to USPO Forman and stated that he was going to wait a few weeks before reporting the change in salary to avoid having his monthly restitution increased. It is noted that Mr. Sanborn owes approximately $300,000 in restitution.

During the Administrative Hearing which was held on November 6, 2013, Mr. Sanborn requested to be provided with mental health treatment in order to address his history of lying and admitted that lying has been a problem for him for some time. Mr. Sanborn agreed to the above noted modifications as evidenced by the signed waiver of hearing.

Reviewed/Approved by:                                          Respectfully submitted,

/s/ Alicia Howarth                          By     /s/ Michael D. Forman
Alicia Howarth                                          Michael D. Forman
Supervising U.S. Probation Officer                      U.S. Probation Officer
                                                        Date: November 13, 2013

**THE COURT ORDERS**
[ ]     No Action
[ ]     The Extension of Supervision as Noted Above
[✗]     The Modification of Conditions as Noted Above
[ ]     Other

Signature of Judicial Officer

11.14.13
Date



# M E M O R A N D U M

**To:**       The Honorable F. Dennis Saylor, IV, U.S. District Judge

**From:**    Michael D. Forman, U.S. Probation Officer

**Re:**       SANBORN, Kurt    Docket No. 4:12-CR-40034

**Date:**    January 17, 2014

This Memorandum serves as notification of a fine/restitution payment schedule agreed upon by the above U.S. Probation Officer and probationer/supervised releasee.

It is the responsibility of the Supervising U.S. Probation Officer to notify the Court of an agreed upon payment schedule, thus making a reasonable payment schedule set by the Court. The schedule is based upon the defendant's ability to pay at the time the schedule is formulated. Periodic reviews of the defendant's financial situation will be made in order to determine whether the schedule should be changed. In the event any changes are made, the Court will be so advised.

The defendant was ordered to pay:

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Fine | $ _____ | ☐ | Special Assessment | $ (PAID) _____ |
| √ | Restitution | $ 303,410.79 | ☐ | Other | $ _____ |

Recently, the Probation Department conducted an analysis of Mr. Sanborn's financial status in accordance with Monograph 114. As a result, we have increased his monthly payment installments to $1,744.50, effective January 2014.

If Your Honor concurs with this payment schedule, please advise by signing below.

Reviewed and Approved:                              Payment schedule is approved:

_/s/ Alicia Howarth_____                    _____
Alicia Howarth                                        F. DENNIS SAYLOR, IV
Supervising U.S. Probation Officer                    U.S. District Judge

26

Prob12B
(7/93)

# United States District Court
## for the District of Massachusetts

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Kurt Sanborn

**Case Number:** 12CR40034

**Name of Sentencing Judicial Officer:** The Honorable Paul Barbadoro, U.S. District Judge, District of New Hampshire

**Date of Original Sentence:** November 19, 2009

**Transfer of Jurisdiction:** May 16, 2012: to The Honorable F. Dennis Saylor, IV, U.S. District Judge

**Original Offense:** Wire Fraud

**Original Sentence:** 30 months of custody; followed by 3 years of supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** April 26, 2012

---

## PETITIONING THE COURT

[  ]   To extend the term of supervision for years, for a total term of years
[X]   To modify the conditions of supervision as follows:

**The defendant is to serve an additional 30 days on Location Monitoring.**

### CAUSE

Your Honor, may recall that the probation office filed a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender to modify Mr. Sanborn's conditions to include 4 months of home detention with location monitoring and participation in mental health treatment. The request was filed on November 13, 2013, which Your Honor subsequently approved. On November 26, 2013, Mr. Sanborn was successfully activated on home detention with location monitoring. In December 2013, Mr. Sanborn began attending mental health counseling at South Bay Mental Health.

Mr. Sanborn had been residing in Dracut, MA and commuting to Rhode Island which is where the majority of his employment activities occurred. As a result, Mr. Sanborn was provided with a location monitoring schedule which allowed him out of his residence from 6:00 a.m. until 8:00 p.m. for employment purposes only. In spite of this liberal home detention schedule, Mr. Sanborn continued to return home well after 8:00 p.m. As an explanation, Mr. Sanborn usually reported that he was late due to meeting with a client, heavy traffic conditions, running out of gas or receiving a flat tire. All of these incidents were not able to be verified by either Mr. Sanborn or his employer. On February 25, 2014, Mr. Sanborn was allowed to transfer his period of home detention with location monitoring to an apartment located in Attleboro, MA to be closer to his employment which would reduce his commute with the hope that it would improve his compliance with home detention. On that same day, Mr. Sanborn was one hour and forty minutes late returning home. The monitoring software recorded Mr. Sanborn as returning

Prob 12B

- 2 -

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

home at 9:40 p.m.  At 9:40 p.m. the probation office contacted Mr. Sanborn via his cellular phone which went straight to voice message indicating that the phone was turned off.  The probation office also called Mr. Sanborn on his home land line which he did not answer.

On February 26, 2014, an Administrative Hearing was held fore Supervising USPO Alicia Howarth.  Present were Mr. Sanborn and USPO Michael Forman.  The purpose of the hearing was to address the several incidents of noncompliant behavior by Mr. Sanborn that are detailed above.  When questioned about his whereabouts the previous night on February 25, 2014, when he returned home at 9:40 p.m., Mr. Sanborn stated  that he returned home at approximately 7:00 p.m.  Mr. Sanborn further stated that his cellular phone was turned off due to the battery being drained and that the land line to his residence must have had the ringer turned off as he reported that he did not hear his phone ring.

Due to the pattern of continued noncompliant behavior exhibited by Mr. Sanborn, the probation office respectfully recommends that his period of home detention with location monitoring be extended by 30 days.  Mr. Sanborn agreed to the above noted modification as evidenced by the signed waiver of hearing.

It is noted that Mr. Sanborn currently earns a salary in the amount of $120,000 a year which enables him to submit monthly restitution in the amount of $1,744.  The concern of jeopardizing Mr. Sanborn's employment or earning potential factored greatly into the probation office's decision in not recommending a more severe sanction.

Reviewed/Approved by:

/s/ Alicia Howarth
Alicia Howarth
Supervising U.S. Probation Officer

Respectfully submitted,

By    /s/ Michael D. Forman
Michael D. Forman
U.S. Probation Officer
Date: February 28, 2014

**THE COURT ORDERS**
[ ]    No Action
[ ]    The Extension of Supervision as Noted Above
[X]    The Modification of Conditions as Noted Above
[ ]    Other

Signature of Judicial Officer

3. 3.  2014
Date

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of __Massachusetts__

| United States of America<br>v. | ) | |
| --- | --- | --- |
| | ) | Case No.   4:12-CR-40034-FDS-1 |
| | ) | |
| | ) | |
| | ) | |
| KURT SANBORN | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

  **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Kurt Sanborn                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition     ☒ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
Violations of conditions of supervised release

Date:    06/11/2014

_____
*Issuing officer's signature*

City and state:   USDC - Boston, MA

Pietro Cicolini - Courtroom Deputy Clerk
*Printed name and title*

| Return | | |
| --- | --- | --- |
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____<br>at *(city and state)* _____ . | | |
| Date: _____ | _____<br>*Arresting officer's signature* | |
| | _____<br>*Printed name and title* | |

| ⮿PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran Court)* |
|---|---|---|
| | | 12CR40034-01-FDS |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 08CR128-01-PB |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | | DIVISION |
|---|---|---|---|
| | Massachusetts | | |
| Kurt D. Sanborn | NAME OF SENTENCING JUDGE | | |
| 45 Birch St., #2 | Honorable Paul J. Barbadoro | | |
| Attleboro, MA 02703 | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 4/26/2012 | TO 4/25/2015 |

| OFFENSE |
|---|
| Wire Fraud, in violation of 18 U.S.C. § 1334 |

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ___MASSACHUSETTS___

    IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____New Hampshire____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

6-27-2014
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ___NEW HAMMPSHIRE___

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7-15-2014
_____
*Effective Date*

_____
*United States District Judge*